UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| STEVEN ALLEN MCGEE #10511-040, | Case No. 1:09-cv-414 |
| Appellant, | HONORABLE PAUL L. MALONEY |
| v. | |
| MICHAEL ALLEN BARLOW and JENNIFER ANN GALLAGHER-BARLOW, | |
| Appellees. | |

### Opinion and Order

### Granting the Plaintiff's Unopposed Motion to Voluntarily Dismiss his Bankruptcy Appeal

On May 7, 2009, Steven Allen McGee, proceeding *pro se*, initiated this appeal from a judgment of the United States Bankruptcy Court for the Western District of Michigan. *See* Doc. #1. By order of the Clerk of Court dated May 7, 2009, appellant McGee was directed to file his brief on appeal within fifteen days after the appeal was docketed, and the appellees were directed to file their initial brief on appeal within fifteen days after being served with McGee's brief. *See* Doc. #3. On September 3, 2009, this court issued an order extending McGee's time to file his brief on appeal until "twenty-one days from the date of this order", i.e., September 24, 2009. *See* Doc. #8.

On September 28, 2009, McGee filed a motion to voluntarily dismiss this appeal pursuant to FED. R. CIV. P. 42(b). *See* Doc. #10. Rule 42 addresses consolidation and separate trials, so the court surmises that McGee intended to invoke Rule 41. Rule 41(a)(1)(A)(I), which is entitled

Voluntary Dismissal - By the Plaintiff, authorizes a plaintiff to dismiss his own case, without the consent of the opposing parties or leave of court, simply by filing a notice to that effect, so long as he does so "before the opposing party serves either an answer or a motion for summary judgment." Although the language of FED. R. CIV. P. 41(a)(1)(A)(I) is not a precise fit for appeals from the bankruptcy court – because such appeals do not entail an "answer" or "motions for summary judgment" – the court determines that this subsection applies and that it permits McGee to dismiss his appeal without the consent of the appellees or leave of court.

If McGee's motion were treated as a dispositive motion, the appellees would have 28 days to file a response. *See* W.D. MICH. LCIVR 7.2(c). If McGee's motion were treated as a non-dispositive motion, the appellees would have 14 days to file a response. *See* W.D. MICH. LCIVR 7.3(c). Either way, the appellees' time to file a response has elapsed, and they have neither filed a response nor sought an extension of time in which to do so, and the court discerns no basis for denying the appellant's exercise of his rights under FED. R. CIV. P. 41(a)(1)(A)(I).

**ORDER**

Appellant's unopposed motion to voluntarily dismiss his appeal **[doc. #10]** is **GRANTED**.

Appellant's "motion for leave to file" **[doc. #7]** is **DENIED without prejudice as moot.**

This bankruptcy appeal is **DISMISSED.**

This dismissal is **without prejudice**, subject to FED. R. CIV. P. 41(a)(1)(B), which provides, in pertinent part, "But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits."

The case is **TERMINATED** and **CLOSED**.

**IT IS SO ORDERED this 3rd day of November 2009.**

>                                   /s/ Paul L. Maloney
>                                   Honorable Paul L. Maloney
>                                   Chief United States District Judge